The **TAI PING INSURANCE CO. LTD.** a/s/o **Join Mark Industrial Ltd.** and as assignee of **Transat Corp.**, Plaintiff,

v.

**EXPEDITORS INTERNATIONAL, E.I. Freight (H.K.) Ltd.** and **Expeditors International of Washington, Inc.**, Defendants.

**No. 96 Civ. 7481 (KMW).**

United States District Court, S.D. New York.

Nov. 23, 1998.

■■■■■■■■■■■■■■■■■

David L. Mazaroli, Law Offices of David L. Mazaroli, New York City.

David H. Pikus, Bressler, Amery & Rose PC, New York City.

Michael J. Holland, Maureen Moran, Condon & Forsyth, New York City.

## ORDER

KIMBA M. WOOD, District Judge.

Plaintiff has moved for partial summary judgment arguing that: (1) this case is governed by the Warsaw Convention (the "Convention"), and (2) the air waybill in question did not comply with Articles 8(c) and 9 of the Convention, and therefore defendants are not entitled to the limitation of liability provided by the Convention. Defendants have also moved for partial summary judgment arguing that their liability is limited either under the Convention or, if the Court finds the Convention not to apply, pursuant to contract. Individual defendant E.I. Freight also moved for summary judgment arguing that it enjoys the same limitation of liability protection as Expeditors because it acted as Expeditors' agent.

In a Report and Recommendation dated September 3, 1998, (the "Report") Magistrate Judge James C. Francis IV recommended that I grant plaintiff's motion for partial summary judgment to the extent of dismissing defendants' affirmative defenses based on limitation of liability under the Convention and that plaintiff's motion otherwise be denied. The Magistrate Judge further recommended that defendants' motions for partial summary judgment be denied in their entirety. Plaintiff does not object to the Report and requests that it be adopted in its entirety; defendants filed objections to the Report on September 15, 1998 and again on September 23, 1998. After a *de novo* review,

and for the reasons stated below, I adopt Magistrate Judge Francis' Report in its entirety.

### Analysis

This case arises out of a lost shipment of crystal platters sent from Cleveland, Ohio to Hong Kong. Plaintiff sued defendants for the value of its lost shipment and defendants have asserted a defense of limited liability. The relevant facts of this case are set out in detail in the Magistrate Judge's Report, familiarity with which is assumed.

■■ Magistrate Judge Francis recommended that I grant plaintiff's partial summary judgment motion. Magistrate Judge Francis noted that defendants' air waybill did not contain any information about the flight's stopping points, as required by Article 8(c).[1] He also concluded that defendants did not effectively incorporate this information into the air waybill by reference to another document in a way that satisfied the standard set out by the Second Circuit in *Brink's Ltd. v. South African Airways*, 93 F.3d 1022 (2d Cir.1996) and *Tai Ping Insurance Co. v. Northwest Airlines, Inc.*, 94 F.3d 29 (2d Cir. 1996) ("*Northwest Airlines*"). The Magistrate Judge therefore reasoned that defendants don't qualify for the limited liability protection of the Convention, even if the Conference were to govern this case. In its objection to this conclusion, defendants simply refer the Court to their Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and explicitly indicate that they have nothing further to add beyond what Magistrate Judge Francis has already considered. Defendants reiterate their argument that the flight in question always stopped in Fairbanks, Alaska, and therefore defendants properly incorporated the stopping place in the air carrier's timetables into the air waybill provided to plaintiff. (*See* Def.Obj. Sept. 23, 1998)

The facts of *Northwest Airlines* are essentially identical to those here: the disputed air waybills in both cases indicated the wrong

---

1. While Article 22 limits carrier liability for loss of cargo, the limit is only available if certain conditions are met. *See Maritime Insurance Co. Ltd. v. Emery Air Freight Corp.*, 983 F.2d 437, 441 (2d Cir.1993) One of those conditions is that the air waybill indicate any agreed stopping places. *See* Warsaw Convention Article 8(c). The waybill at issue here does not indicate any stopping places and the departure date as indicated in the waybill was also inaccurate.

departure date of the flight and also failed to include the regularly scheduled stopping points of the flights. In *Northwest Airlines,* the flight route always included the same regularly scheduled stops, however, the Court ruled that this was not sufficient to constitute a proper incorporation of the stopping places into the air waybill in light of the incorrect departure date on the waybill. *See Northwest Airlines,* 94 F.3d at 30. The Court was clear that "effective incorporation depends on the accuracy of other information in the waybill" and because defendants' waybill included incorrect information regarding the departure date, "the shipper could not refer to the timetables to ascertain the stopping places." *Northwest Airlines* 94 F.3d at 32. I therefore reject defendants' argument that they effectively incorporated information about the stopping points into the waybill.

■ Defendants' argument that the rationale underlying Article 8(c) could be met as long as the international character of the flight was clear is also unavailing in light of *Northwest Airlines.* That court stated that:

Concededly, the air waybill ... reveals the international character of the flight and the applicability of the Warsaw Convention. Nevertheless, if the air waybill does not incorporate the agreed stopping places effectively, the air waybill does not contain the information required by Article 8(c). It omits the information.

*Northwest Airlines,* 94 F.3d at 33. The Court therefore rejects defendants' argument here that it is sufficient for a waybill to indicate the international character of the flight in order for the carrier to benefit from the limited liability provision of the Conven-

tion.[2] Accordingly, the Court finds that plaintiff is entitled to summary judgment dismissing defendant's affirmative defenses based on the Convention.

■ The Magistrate Judge also recommended that I deny the summary judgment motions of both parties to the extent that they hinge on a determination of whether this case is governed by the Warsaw Convention. After reviewing the record, the Magistrate Judge concluded that a factual dispute remains among the parties as to where the loss of the platters occurred and therefore, at this point in discovery, it would be premature to decide whether the Warsaw Convention applies.[3] In light of the facts that neither party objects to this aspect of the Report and that the record indicates a remaining factual dispute on the issue of where the shipment was lost,[4] I agree with the Magistrate Judge that it would be improper to grant a motion for summary judgment on the ground that the Convention applies.

### Conclusion

For the reasons stated above, I deny defendants' motions for summary judgment, grant plaintiff's motion for partial summary judgment to the extent of dismissing defendants' claims based on limitation of liability, and otherwise deny plaintiff's motion for summary judgment. The parties are ordered to submit to Magistrate Judge Francis' Chambers by December 1, 1998 a revised Scheduling Order and to contact Magistrate Judge Francis' Chambers to arrange a Scheduling Conference by December 2, 1998.

SO ORDERED.

2. The Court recognizes that this position is not in accord with the holding of *Martin Marietta Corp. v. Harper Group,* 950 F.Supp. 1250 (S.D.N.Y. 1997) (holding that the air waybill, even with the incorrect departure date, complied with the requirements of Article 8(c), provided that the consignor was aware of the international nature of the transportation.) *Id.* at 1255. As indicated above, however, the Second Circuit has explicitly rejected this argument.

The instant case can also be distinguished from *General Electric Co. v. Circle Air Freight Corp.,* 1997 WL 129400, at *5 (S.D.N.Y. March 20, 1997), in which the Court granted limited liability even though the waybill contained no incorpo-

ration by reference to the airline's timetables. In that case, however, the forwarder's air waybill did reference the airline's air waybill whereas here, there was no incorporation of the correct stopping places through reference to any other document.

3. The parties agreed to limit discovery to the issue of limited liability. (*See* Scheduling Order, September 5, 1998)

4. In particular, defendants argue that there are off-site warehouses at both JFK and the Hong Kong airport where the goods may have been stored. (*See* Def.Mem. at 13)

*REPORT AND RECOMMENDATION*

FRANCIS, United States Magistrate Judge.

This case arises out of a lost shipment of crystal platers sent from Cleveland, Ohio to Hong Kong. The plaintiff, The Tai Ping Insurance Co., Ltd. ("Tai Ping"), the assignee of Transat Corp. ("Transat") and subrogee of Join Mark Industrial Ltd. ("Join Mark"), moves for partial summary judgment arguing: (1) that this case is governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S 11, *reprinted in* 49 U.S.C. § 40105 note (the "Warsaw Convention" or "Convention"), and (2) that the air waybill did not comply with Articles 8(c) and 9 of the Warsaw Convention, and therefore the defendants are not entitled to the limitation of liability provided by the Convention. The defendants, Expeditors International, E.I. Freight (H.K.) Ltd., and Expeditors International of Washington, Inc., also move for partial summary judgment arguing that their liability is limited either under the Warsaw Convention or, if the Convention does not apply, pursuant to contract. Individual defendant E.I. Freight also moves for summary judgment arguing that it enjoys the same limitation on liability protection as Expeditors, because it acted as Expeditor's agent.

*Background*

In October 1994, Transat contracted with Expeditors to forward a shipment of crystal platers from Ohio to its consignee Join Mark in Hong Kong. Defendant's Rule 56.1 Statement ¶ 2–3. Expeditors issued an air waybill on October 28, 1994. A first air waybill stated that the shipment would be "moved via Air Hong Kong MAWB# 288–12063295 FLIGHT 007 on 10/28/94." Affidavit of David Mazaroli dated April 20, 1998 ("Mazaroli Aff."), Exh. 1.

A second air waybill bears the handwritten notation "changed per L/C" and a flight departure date of October 30, 1994. Declaration of Lance O'Connor dated February 26, 1998 ("O'Connor Decl."), Exh. A. Lance O'Connor, the air export lead agent for Expeditors, explains this notation by stating that it is industry custom to conform the waybill prior to the shipment of goods with the bank letter of credit governing the transaction.[1] O'Connor Decl. ¶¶ 1, 7. According to Mr. O'Connor, this procedure is often necessary when a client has not yet finalized the terms of credit with a bank. O'Connor Decl. ¶ 7. On the reverse side, the air waybill provided that

[e]xcept as otherwise provided in carriers tariffs or conditions of carriage, in carriage to which the Warsaw Convention does not apply carrier's liability shall not exceed USD 20.00 or the equivalent per kilogram of goods lost, damaged or delayed, unless a higher value is declared by the shipper and a supplementary charge paid.

O'Connor Decl., Exh. B.

The shipment departed Cleveland en route to New York on October 28, 1994. Mazaroli Aff., Exh. 17. Air Hong Kong Ltd. ("AHK") was then subcontracted to fly the shipment from New York to Hong Kong. O'Connor Decl. ¶ 5. The crucial issue of the actual departure date is subject to some confusion. The defendants at first claimed that the flight departed on October 30, 1994. Defendants' Rule 56.1 Statement ¶ 12. The plaintiff in its initial papers asserted that the flight left on November 1, 1994. Plaintiff's Rule 56.1 Statement ¶ 8. In their reply papers, the defendants now argue that the "flight in question actually left Kennedy Airport on October 31, 1994[and] . . . [t]he flight arrived in Hong Kong on November 1." O'Connor Reply Decl. ¶¶ 10, 11. Mr. O'Connor explains that this information can be gleaned from the Air Hong Kong timetable, because "the flight, 007, is listed as operating

---

1. The plaintiff argues that the O'Connor Declaration does not comply with Federal Rule of Civil Procedure 56(e) since there is no indication that it was based on personal knowledge nor is there a sufficient basis to believe that he can provide information on industry custom and practice. The defendant has now supplemented the record with an additional affidavit, and it is now clear that Mr. O'Connor was employed by Expeditors at the time of the loss and has expertise in the field of air cargo. Reply Declaration of Lance O'Connor dated May 29, 1998 ("O'Connor Reply Decl."), attached to Reply Declaration of David H. Pikus dated June 1, 1998.

on '1, 3, 6.' In airline parlance, this would be Monday, Wednesday and Saturday of each week. October 31, 1994 was a Monday." O'Connor Reply Decl. ¶ 11; O'Connor Decl., Exh. C. This information is consistent with the documents cited by the plaintiff, which show November 1, 1994 to be the date of arrival rather than departure. Mazaroli Aff., Exhs. 4, 12, 13, 18–20. When the shipment arrived in Hong Kong, one item of the twelve-piece shipment was not delivered. The missing plater had a value of $76,300.00. Mazaroli Aff., Exhs. 5–12, 30.

The plaintiff argues that this case is governed by the Warsaw Convention, and because the defendants failed to include all relevant information on the air waybill, they are not entitled to limited liability. The defendants respond that this case may or may not be governed by the Warsaw Convention, since they are not certain where the loss took place. However, they contend that if it is covered by the Warsaw Convention, then they are entitled to limited liability pursuant to law, while if it is not, their liability is limited by the contractual provision.

*Discussion*

### A. *Standard for Summary Judgment*

A motion for summary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d Cir.1995); *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir.1993). The role of the court on such a motion "is not to resolve disputed issues of fact but to assess whether there are factual issues to be tried . . . ." *Knight v. United States Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The burden of showing the absence of a factual dispute rests on the party seeking summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996). In assessing the record to determine whether there is a genuine issue of material fact, the court must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Vann v. City of New York*, 72 F.3d 1040, 1048–49 (2d Cir.1995). Summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to [its] case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. *Warsaw Convention*

The Warsaw Convention is an international treaty governing the carriage of passengers, baggage, and goods between signatory nations. Warsaw Convention, Chapter II. Generally, an air carrier is responsible for loss under Article 18 of the Warsaw Convention. However, Article 22(2) of the Warsaw Convention limits liability. That section provides that in

> the transportation of checked baggage and of goods, the liability of the carrier shall be limited to a sum of 250 francs per kilogram [$20 in American currency], unless the consignor has made, at the time when the package was handed over to the carrier, a special declaration of the value at delivery and has paid a supplementary sum if the case so requires.

Warsaw Convention, Article 22(2).

Expeditors argues that because the parties agreed to limit discovery to the issue of limited liability,[2] it is premature to decide whether the Warsaw Convention applies. Reply Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment on Limitation of Liability and in Opposition to Plaintiff's Cross–Motion ("Defendants Reply Memo.") at 5. Here, the plaintiff has produced evidence that the loss was subject to the Convention. The entire twelve-piece shipment apparently was received by AHK at New York's John F. Kennedy Airport. Mazaroli Aff., Exhs. 6, 7, 16, 39. AHK has admitted its receipt of the shipment and has admitted that one piece

---

2. This agreement was memorialized in this     Court's September 5, 1998 scheduling order.

was lost after receipt. Mazaroli Aff., Exhs. 6, 8, 16, Exh. 33 admissions no. 20, 23, 24 & 28, Exh. 34 admission no. 28, Exh. 39 admission no. 1.

However, the defendants argue that there are offsite warehouses at both JFK and Hong Kong airport, where the goods may have been stored. Defendant's Reply Memo. at 13. Although it does not seem likely that the defendants will be able to demonstrate that the loss was not subject to the Warsaw Convention, there are disputed issues of fact, and summary judgment is therefore premature on the issue of whether the Warsaw Convention applies to this lost shipment of goods.

Nevertheless, the question remains whether the defendants are entitled to limited liability if the Warsaw Convention does apply. This issue has been fully briefed by both sides and there are no disputed issues of material fact that would make summary judgment inappropriate.

### C. Air Waybill

■ While Article 22 limits carrier liability for loss of cargo, the limit is only available if certain conditions are met. *Maritime Insurance Co. Ltd. v. Emery Air Freight Corp.,* 983 F.2d 437, 441 (2d Cir.1993). The plaintiff argues that Expeditors' air waybill did not comply with the requirements outlined in Article 8(c), and therefore the limitation on liability cannot apply here.

■ Article 8(c) of the Warsaw Convention states that one of the requirements for the air waybill is designation of any agreed stopping places. Article 9 states that if

> the carrier accepts goods without an air waybill having been made out, or if the air waybill does not contain all the particulars set out in article 8(a) to (i), inclusive and (q), the carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability.

Therefore, if an air carrier omits one of the essential particulars, including agreed stopping places, then the carrier will not be protected by the limited liability protections of the Convention. *Maritime,* 983 F.2d at 440–41.

In a pair of companion cases, *Brink's Ltd. v. South African Airways,* 93 F.3d 1022 (2d Cir.1996), and *Tai Ping Insurance Co. v. Northwest Airlines, Inc.,* 94 F.3d 29 (2d Cir. 1996) ("*Northwest Airlines*"), the Second Circuit carved out a narrow exception permitting a carrier to meet the requirements of Article 8(c) through reference to a readily available timetable. *Brink's,* 93 F.3d at 1034; *Northwest Airlines,* 94 F.3d at 32. The Court reasoned that "if an air waybill includes an essential particular, but deviates in language or some other respect, the question of whether or not Article 9 deprives the air carrier of limited liability may be determined with the assistance of traditional methods of interpretation." *Brink's,* 93 F.3d at 1034.

In *Northwest Airlines,* the information regarding both the connecting flight and the departure date on the air waybill was incorrect and the Second Circuit denied limitation. 94 F.3d at 32; *see also American Home Assurance Co. v. Jacky Maeder (Hong Kong) Ltd.,* 999 F.Supp. 543, 547–48 (S.D.N.Y.1998) (limited liability denied where incorrect flight number and time listed on air waybill). The defendants argue that the holding of *Northwest Airlines* does not apply to different dates of departure unless there is a resulting change in flight number. In *Northwest Airlines,* the air waybill identified the flight as "901/10", meaning flight 901 on December 10. The actual departure date was December 15, and the shipment stopped at Anchorage, Alaska, and then the shipment was transferred at Narita, Japan to Flight 907. 94 F.3d at 30. Apparently, the flight route always included regularly scheduled stops in Alaska and Japan, although it is unclear from the Court's decision whether the flight route always included a switch to a connecting flight. *Id.*

In this case, the shipment departed on the flight indicated in the waybill, which made its regularly scheduled stop in Alaska. The only variation was in the departure date. The defendants contend that the incorrect departure date has no significance unless it results in a change in flight numbers. Their argument finds some support in a recent decision in this district, *Martin Marietta Corp. v.*

*Harper Group,* 950 F.Supp. 1250 (S.D.N.Y. 1997). The court in *Martin Marietta* held that the air waybill, even with the different departure date, complied with the requirements of Article 8(c), as long as the consignor was aware of the international nature of the transportation. *Id.* at 1255.

However, the analysis in *Martin Marietta* is unsupported by a close reading of *Northwest Airlines.* In the latter case, the Second Circuit relied equally on the incorrect date of departure and on the incorrect flight information to arrive at its conclusion that the defendant was not entitled to limited liability. *Northwest Airlines,* 94 F.3d at 32–33. In fact, the Court emphasized that "reference to timetables on a date other than the date of shipment does not effect an incorporation of regularly scheduled stops on the date of shipment. If the air waybill does not effect a valid incorporation within the air waybill itself, it cannot be said to 'contain' the required information." *Id.* at 33.

Furthermore, it is clear from the three central decisions in this area—*Maritime, Brink's,* and *Northwest Airlines*—that a defendant generally will be entitled to limited liability only where it has included the agreed upon stopping places. If the shipper chooses to refer to an airline's timetable, it runs the risk that the timetable will not be incorporated unless the information concerning the date of departure and the flight numbers is absolutely correct.

In addition, *Northwest Airlines* explicitly rejected the defendants' argument that the rationale underlying Article 8(c) could be met as long as the international character of the flight was clear. Memorandum of Law in Support of Defendant's Motion ("Defendants' Memo."), at 11. The Second Circuit explained:

> We recognize that it appears onerous to deprive [the defendant] of limited liability protection under Article 9 for its failure to include the agreed stopping places as required by Article 8(c). Concededly, the air waybill ... reveals the international character of the flight and the applicability of the Warsaw Convention. Nevertheless, if the air waybill does not incorporate the agreed stopping places effectively, the air

waybill does not contain the information required by Article 8(c). It omits the information.

*Northwest Airlines,* 94 F.3d at 33; *see also Ajibola v. Sabena Belgium Airline,* No. 95 Civ. 2479, 1996 WL 271859, at *3 (S.D.N.Y. May 21, 1996) (no compliance with Article 8(c) where omitted stopping place was Boston en route to Houston), *aff'd,* 108 F.3d 1369 (2d Cir.1997).

Equally unavailing is the defendants' contention that there was no violation of Article 8(c) because the stopping point was the same regardless of the date of departure. According to the facts of *Northwest Airlines,* the flight always made stops in Alaska and in Japan, regardless of the date of departure. 94 F.3d at 30. Therefore, the shipper and consignee could have consulted the timetable to determine the stopping places. Nevertheless, the rule is clear that the "plain language of Article 9 does not make the loss of limited liability protection contingent on prejudice to the shipper or consignee." *Id.* at 33.

The defendants also cite Judge Wood's decision in *General Electric Co. v. Circle Air Freight Corp.,* No. 92 Civ. 6333, 1997 WL 129400, at *5 (S.D.N.Y. March 20, 1997). The court in that case granted limited liability protection to the defendant, although the waybill contained no incorporation by reference to the airline's timetables. *Id.* However, the forwarder's air waybill did reference the airline's air waybill, which in turn listed Paris and London as the stopping places. *Id.* Here, there was no incorporation of the correct stopping places through reference to any other document.

Finally, Expeditors maintains that this case is distinguishable from *Northwest Airlines* since the stop here was merely a technical stop for refueling. Looking to the text of the Warsaw Convention, there is no reason to believe that there is any distinction based on the purpose of the stop. Articles 8(c) and 9 require that all stopping places be included in the air waybill. *See also Brink's,* 93 F.3d at 1026 (stop was for purpose of refueling). Accordingly, if the Warsaw Convention applies to the loss at issue here, the defendants

may not avail themselves of the Convention's limitation of liability.

### D. *Disposition of the Motions*

Based on the analysis above, no party is entitled to unconditional summary judgment on the limitation of liability issue. In order for the plaintiff to prevail fully, it must be established that the Warsaw Convention applies in lieu of the contractual limitation of liability provision, but this cannot be done until discovery is complete concerning where the loss took place. Nevertheless, the plaintiff is entitled to judgment dismissing the defendants' affirmative defenses based on the Warsaw Convention, since even if the Convention applies, the defendants do not qualify for its protection.

Conversely, the defendants' motion for partial summary judgment should be denied. They can prevail on the limitation of liability issue only if the Warsaw Convention does not apply, and, again, that determination must await the completion of discovery.

### *Conclusion*

For the reasons set forth above, I recommend that the plaintiff's motion for partial summary judgment be granted to the extent of dismissing the defendants' affirmative defenses based on limitation of liability under the Warsaw Convention and that the plaintiff's motion otherwise be denied. I further recommend that the defendants' motions for partial summary judgment be denied in their entirety.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Kimba M. Wood, Room 1610, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York, 10007.

Sept. 3, 1998.